UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LINDA I. SLONE,

        CASE NO:   1:12-cv-07393-WHP

Plaintiff,

vs.

**SECOND AMENDED COMPLAINT**

GEORGE PAPPAS d/b/a QUALITY FLORIST,
and HERBOL REALTY COMPANY, LLC, a New
York limited liability company, and 51 WEST 81ST
STREET CORP., a New York corporation,

Defendants.

_____/

Plaintiff, LINDA I. SLONE (hereinafter the "Plaintiff"), through her undersigned counsel, hereby files this Complaint and sues GEORGE PAPPAS d/b/a QUALITY FLORIST, and HERBOL REALTY COMPANY, a New York limited liability company, and 51 WEST 81ST STREET CORP., a New York corporation, (hereinafter, collectively, the "Defendants"), for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. §12181, et. seq., of the AMERICANS WITH DISABILITIES ACT ("ADA"), the NEW YORK CITY HUMAN RIGHTS LAW ("NYCHRL"), and the NEW YORK STATE HUMAN RIGHTS LAW ("NYSHRL") and alleges:

**JURISDICTION AND PARTIES**

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §343.

1

2. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) in that all events giving rise to this lawsuit occurred in New York.

3. The remedies provided by the New York State Human Rights Law Against Discrimination are not exclusive and state administrative remedies need not be exhausted in connection with suits brought under the Federal Civil Rights Act.

4. At the time of Plaintiff's visit to GEORGE PAPPAS d/b/a QUALITY FLORIST, prior to instituting the instant action, LINDA I. SLONE, (hereinafter referred to as "Plaintiff") was a resident of the State of New York, suffered from what constitutes a "qualified disability" under the Americans With Disability Act of 1990, described as post-polio with quadriplegic involvement requiring the use of a motorized wheelchair for mobility. The Plaintiff personally visited Defendants' Property, but was denied full and equal access to, and full and equal enjoyment of, the facilities at Defendants' Property, which is the subject of this lawsuit.

5. The Defendants, GEORGE PAPPAS d/b/a QUALITY FLORIST, and HERBOL REALTY COMPANY, a New York limited liability company, and 51 WEST 81ST STREET CORP., a New York corporation, are authorized to conduct, and are conducting business within the State of New York. Upon information and belief, GEORGE PAPPAS d/b/a QUALITY FLORIST, is the lessee and/or operator of the real property (hereinafter and heretofore referred to collectively as "Defendants' Property"), and the owner of the improvements where the Subject Facility is located which is the subject of this action, the facility commonly referred to as QUALITY FLORIST, located at 447 Columbus Avenue, New York, New York (hereinafter and heretofore referred to collectively as "Defendants' Property"), which also maintains and controls the Subject Facility. Upon information and

belief, HERBOL REALTY COMPANY, and 51 WEST 81ST STREET CORP., a New York corporation are the owners, lessor(s) and/or operator(s) of the real property where the Subject Facility is located which is the subject of this action, the facility commonly referred to as QUALITY FLORIST, located at 447 Columbus Avenue, New York, New York (hereinafter and heretofore referred to collectively as "Defendants' Property"), which also maintains and controls the subject real property.

6.  All events giving rise to this lawsuit occurred in the City of New York, State of New York. Venue is proper in this Court as the premises is located in the State of New York.

### COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

7.  On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of the Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(a).

8.  Congress found, among other things, that:

> (i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;
>
> (ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;
>
> (iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public

services and public facilities;

(iv) individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

9. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

10. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, Defendants' Property, QUALITY FLORIST, is a place of public accommodation in that it is an establishment which provides goods and services to the public.

11. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the building and/or Subject Facility which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

12. The Plaintiff is informed and believes, and therefore alleges, that the Subject Facility has begun operations and/or undergone substantial remodeling, repairs and/or alterations since January 26, 1990.

13. Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at Defendants' Property, in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

14. The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at Defendants' Property. Prior to the filing of this lawsuit, Plaintiff personally visited Defendants' Property, with the intention of using Defendants' facilities, but was denied access to the Defendant's Property, and therefore suffered an injury in fact. In addition, Plaintiff continues to desire to visit the Defendant's Property in the future, but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers which remain at Defendant's Property, all in violation of the ADA, and the New York State Human Rights Law.

15. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations

Case 1:12-cv-07393-KNF   Document 9   Filed 01/14/13   Page 6 of 11

to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

16. The Defendants' Subject Facility is in violation of 42 U.S.C. §12181 et. seq., the ADA and 28 C.F.R. §36.302 et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

(i) Failure to provide an accessible entrance into and exit from Defendants' Property, due to a step at said entrance and exit, and the failure to install a ramp with appropriate slope and signage, and/or otherwise provide an accessible and properly designated entrance and exit, in violation of 28 C.F.R. Part 36, Section 4.3. This step represents an insurmountable barrier to independent entry and exit by the Plaintiff and other individuals who use wheelchairs.

(ii) The sales counter located at Subject Facility is inaccessible, in violation of 28 C.F.R. Part 36, Section 7.2(1), which requires that a portion of the main counter which is a minimum of 36 inches (915 mm) in length shall be provided with a maximum height of 36 inches (915 mm) above the finished floor.

(iii) The cash register is at an inaccessible height, in violation of 28 C.F.R. Part 36.

(iv) Various displays, containing merchandise for sale, are located at inaccessible heights, in violation of 28 C.F.R. Part 36.

6

(v)     Failure to provide a safe and accessible means of egress for emergencies, in violation of 28 C.F.R. Part 36.

(vi)    Failure to provide adequate directional and accurate informational signage throughout the Subject Facility as required by 28 C.F.R. Part 36, Section 4.1.3(16).

(vii)   Failure to provide signage addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R. Part 36, Section 4.30.4.

17.   Upon information and belief, there are other current violations of the ADA at Defendants' Property, and only once a full inspection is done can all said violations be identified.

18.   To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

19.   Pursuant to the ADA, 42 U.S.C. §12101 et seq., and 28 C.F.R. §36.304, the Defendants were required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 28, 1992. To date, the Defendants have failed to comply with this mandate.

20.   Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facility to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

## COUNT II - VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

21. The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 20 as if set forth in their entirety here.

22. The New York City Human Rights Law provides:

> (a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived ... disability ... of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof ... to the effect that any of the accommodations, advantages, facilities and privileges of any such place or provider shall be refused, withheld from or denied to any person on account of ... disability ...

NYC Admin. Code § 8-107(4)(a).

23. Defendants QUALITY FLORIST LTD., d/b/a QUALITY FLORIST, and HERBOL REALTY COMPANY, and 51 WEST 81ST STREET CORP., are in violation of the New York City Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Subject Facility.

## COUNT III - VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

24. The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 23 as if set forth in their entirety here.

25. The New York State Human Rights Law provides:

> (a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation.... because of the ... disability ... of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof ... to the effect that any of the accommodations, advantages, facilities and privileges of any such place

shall be refused, withheld from or denied to any person on account of … disability …

NYS Exec. Law § 296 (2)(a).

26. Defendants' Property is a place of public accommodation as defined in the New York State Human Rights Law.

27. The Defendants have further violated the New York State Human Rights Law by being in violation of the rights provided under the ADA.

28. Defendants GEORGE PAPPAS d/b/a QUALITY FLORIST, and HERBOL REALTY COMPANY, and 51 WEST 81ST STREET CORP., are in violation of the New York State Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Subject Facility.

## ATTORNEYS' FEES AND COSTS

29. The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 28 as if set forth in their entirety here.

30. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have her reasonable attorneys' fees, costs and expenses paid by the Defendants, pursuant to the ADA and the New York City Human Rights Law.

31. Plaintiff prays for judgment pursuant to N.Y. Exec. Law § 297, including compensatory damages contemplated by § 297(9).

## DAMAGES

32. The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 31 as if set forth in their entirety here.

33. The Plaintiff demands five hundred dollars ($500.00) in compensatory damages based on the Defendant's violation of the New York City Human Rights Law and the New York State Human Rights Law.

## INJUNCTIVE RELIEF

34. The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 33 as if set forth in their entirety here.

35. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, the New York City Human Rights Law, and the New York State Human Rights Law and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff hereby demands judgment against the Defendants and requests the following injunctive and declaratory relief:

    A. The Court declares that the subject property and Subject Facility owned, operated, leased, controlled and/or administered by the Defendants are violative of the ADA, the New York City Human Rights Law, and of the New York State Human Rights Law;

    B. The Court enter an Order requiring the Defendants to alter their facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA and by NYCHRL, and the NYSHRL;

C. The Court enter an Order directing the Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to the Subject Facility;

D. The Court award reasonable attorney's fees, all costs (including, but not limited to court costs and expert fees) and other expenses of suit, to the Plaintiff; and

E. The Court award such other and further relief as it deems necessary, just and proper.

Dated this 11th day of January, 2013.

Respectfully submitted,

By: _____
Robert J. Mirel, Esq.
THE WEITZ LAW FIRM, P.A.
Attorney for Plaintiff
Bank of America Building
18305 Biscayne Blvd., Suite 214
Aventura, Florida 33160
Telephone: (305) 949-7777
Facsimile: (305) 704-3877
Email: rjm@weitzfirm.com
